FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 09 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAPTAIN CONSTRUCTION, VICTOR JAAD, | : : : | STATE COURT CIVIL FILE ACTION NO. 2010-MAG-6098 |
| Plaintiff, | : : | |
| vs. | : : | 1:10-CV-3661 |
| DORWAIN BESS, | : : | FEDERAL CIVIL ACTION FILE NO. _____ |
| Defendant. | : | |

## NOTICE OF REMOVAL OF CIVIL ACTION
## TO THE UNITED STATES DISTRICT COURT

**COMES NOW DORWAIN BESS**, Defendant, In Propria Persona and pursuant to Title 28, United States Code, §1331, Title 28, United States Code, §1441 and 1443, and tenders Defendant's Notice of Removal of Civil Action to the United States District Court of the proceedings presently pending in the Magistrate Court of Rockdale County, Civil Action No. **2010-MAG-6098**, by the Plaintiff as noted above, and shows the Court as follows:

### I. Pertinent Factual Background

The above styled proceedings was filed in the Magistrate Court of Rockdale County on October 26, 2010. See Exhibit "A" as attached hereto. The Magistrate Court Court scheduled a hearing date of November 10, 2010.

1

Defendant, after review of the Plaintiff's Dispossessory Complaint, defendants are automatically stripped of the legal rights as codified pursuant to O.C.G.A. Section 44-7-51(b) of the legal and lawful right to raise any defense, equitable or otherwise. Defendant is a party of a specific class of individuals which the Georgia judicial system has illegally stripped of statutory rights under the aforementioned statute. Therefore, Defendant realized that the only way to address the acts and actions of the Plaintiff, in conjunction with the illegal stripping of statutory rights by the Georgia judicial system is to remove the above-styled action to the United States District Court for the Northern District of Georgia, Atlanta Division to address the violation of Defendant's and other's civil rights of due process and equal protection of the law.

Likewise, Defendant noted that the Plaintiff's financial claims, as advanced by Plaintiff's dispossessory complaint is financially in excess of the financial limits by the magistrate courts of Georgia which legally only allows financial claims up to no more than Fifteen Thousand ($15,000.00) Dollars, which the Plaintiff's financial claims are approximately Fifty Thousand ($50,000.00) Dollars in financial excess of the financial jurisdiction of the magistrate court which the instant case is in.

## II.  Infringement and Violation of the Defendant's the Seventh Amendment Rights

The Seventh Amendment of the United States Constitution states ""[I]n Suits

at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

It is Defendant's position that the Magistarte Court of Rockdale County, as well as the other state, magistrate and superior judicial levels involved with dispossessory proceedings, throughout the State of Georgia, as part of the Georgia judicial system of the State of Georgia is operating in violation of the Seventh Amendment of the United States Constitution pertaining to civil legal claims between parties. There are no jury trials in the magistrate courts, state or superior court levels dealing with foreclosure dispossessory defendants. There has been numerous decisions enforcing the right to a jury trial. **FDIC v. New London Enterprises, Ltd.**, 619 F.2d 1099 (5th Cir. 1980); **Sibley v. Fulton Dekalb Collection Services**, 677 F.2d 830 (11th Cir. 1982); **Schofied v. Stetson**, 459 F.Supp. 998 (M.D. Ga. 1978).

While parties who are entitled to jury trials may waive their rights, under the present magistrate, state and superior court system in Georgia, the courts do not, either notify the respective parties of their rights to a jury trial, or have the parties sign a waiver.

The Georgia Court of Appeals, in **Phillips v. Meadow Garden Hospital**, 139

3

Ga. App. 541 (1976), stated that the parties may validly waive their respective rights to a jury trial. However, the magistrate, state or superior courts to not obtain a waiver or even make it known to the litigants that the litigants have a right to a jury trial. All of the same being done in direct and deliberate violation of the Seventh Amendment of the United States Constitution.

### III.   Violation of Civil Rights

It is the Defendant's position that the dispossessory statutes of O.C.G.A.,§44-7-1 et seq., in pertinent part. Defendants cannot obtain such civil rights as guaranteed under foreclosure dispossessory Defendants' civil rights as defined pursuant to the First, Fifth, Seventh and Fourteenth Amendments of the United States Constitution. See **Strauder v. West Virginia**, 100 U.S. 303 (1880); **Georgia v. Rachel**, 384 U.S. 780 (1966).

Defendant respectfully moves for this Court's jurisdiction pursuant to Title 28, United States Code, Section 1331, and 1441 Title 28, United States Code, Section 1441 and 1443, and all other federal statutes dealing with federal banking laws, etc., that the Honorable Court grant all such relief as deemed appropriate under law, equity and as the Court deems just. Defendant would also request a hearing in the event that the Plaintiffs move to remand the case to the Magistrate Court of Fulton County. Furthermore, that the Honorable Court grant injunctive relief pursuant to **Pulliam v.**

Allen, 466 U.S. 522, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984), against the courts of the State of Georgia and enjoin the courts from further acts and actions which violate foreclosure dispossessory Defendants' constitutional and civil rights. Defendant further assert that Defendant is entitled to injunctive relief from the unconstitutional acts and actions of the Georgia judicial system. That such injunctive relief is also a right pursuant to the denial of due process and equal protection of the law, as heretofore addressed.

### III.   Wilful Discrimination in the Statutory Application of the Provisions of the Dispossessory Statutes

It is Defendant's averment that certain provisions of O.C.G.A., § 44-7-1 et seq., is discriminatory against dispossessory Defendants versus the statutory provisions accorded to other civil litigants.

### O.C.G.A., §44-7-51 versus O.C.G.A., §9-11-12

When an ordinary civil defendant litigant received service of a lawsuit, pursuant to O.C.G.A., §9-11-12(a), that defendant has a statutory right to tender an answer and defense within thirty days after service of process. However, under O.C.G.A., §44-7-51, a dispossessory defendant has only seven days in which to tender an answer and defense. Hence, while a general civil defendant litigant is statutorily entitled to thirty days in which to tender an answer and defense,

dispossessory litigants are statutorily discriminated against by being only allowed seven (7) days, after service, in order to tender a answer and defense. See O.C.G.A., §44-7-72. While the seven (7) day period in which to file an answer, may not seem discriminatory upon its face, however, coupled with other restrictive and denied rights renders the same illegal when placed in context with the ordinary rights granted to civil litigants pursuant to O.C.G.A., §9-11-55(a).

### O.C.G.A., §44-7-51 and O.C.G.A., §9-11-55(a)

When an ordinary civil defendant litigant fails to respond to a civil suit (defaults), that litigant has, by statutory right, pursuant to O.C.G.A., §9-11-55(a) an additional fifteen (15) days in which to open default. Such default by an ordinary civil litigant can be opened under the provisions of O.C.G.A., §9-11-55(a) by the payment of costs, i.e., the original filing fees paid by the Plaintiff. However, O.C.G.A., §44-7-51, deprives a dispossessory defendant litigant from opening default.[1] Thus, a civil defendant in a dispossessory proceedings has been

---

1.   At one time a dispossessory litigant had a right to open default. See **Burnett v. Pace**, 151, Ga. App. 111 (1979), however, that right has since been extinguished pursuant to **Avery v. Warrick**, 172 Ga. App. 674, when the statutory provisions of O.C.G.A., §44-7-51 were amended by the Georgia Legislature. For instance, if a dispossessory litigant fails to arrive by 5:00 p.m., on the seventh day, due to traffic delay or other problem, such litigant has lost automatically. In the case of **Mulcare v. Steward**, Case No. 97D-096250, Mr. Steward, arriving five minutes after five, was allowed by a security guard, to stamp in and leave his answer, only to have it rejected and placed in default. It should be noted that the Clerk of Court for the Federal Court

discriminated against by the statutorily reduced time of filing an answer and defense from thirty (30) days to a mere seven days. Likewise, a dispossessory defendant litigant has been statutorily deprived for having the right to open default, while other civil defendants are allowed the right to open default within fifteen days of the date of default. See O.C.G.A., §44-7-53(a).

### O.C.G.A., §44-7-74 versus O.C.G.A., 9-11-1 et seq.

As previously stated, when a ordinary civil defendant is served with a lawsuit, that party has thirty days in which to file an answer and counterclaim. However, a dispossessory defendant is only allowed seven (7) days in which to tender an answer and counterclaim. Likewise, when an ordinary civil defendant files an answer and counterclaim, the court is under no obligation to expedite the trial of the proceedings. However, in a dispossessory proceedings, a dispossessory defendant is immediately set a hearing date before the court within seven to ten days, depending upon the court, for a trial of the issues. When the proceedings are heard before a state court on a bench trial docket there is no discovery period allowed. What totally invalidates and discriminates against a dispossessory defendant.

### O.C.G.A., §44-7-56 versus O.C.G.A., §5-3-1

When a civil defendant litigant loses a case before a court of any county in a

---

allows filing to be tendered after business hours.

civil proceeding, that defendant litigant is entitled to a thirty (30) day period in which to appeal the court's judgment to either the state or superior court. However, a dispossessory defendant is only allowed seven (7) day discriminatory period in with to appeal the decision. Thus, dispossessory defendants are denied equal standing in which to appeal their cases. This seven day appeal limitation also carries on in the event that an appeal from the state or superior court is taken, while all other litigants are entitled to a thirty day period in which to prosecute an appeal.

### Discovery Under O.C.G.A., §44-7-1 et seq., versus O.C.G.A., §9-11-26 through 37

When a party files a civil action in the State Courts of Georgia, the defending party is entitled to discovery under a bench trial of the case, pursuant to O.C.G.A., §9-11-26, through 37, with a six month (6) month discovery period. However, when a dispossessory case is filed in a State Court of State of Georgia, a dispossessory defendant litigant, under a bench trial of the matters **is not allowed standard discovery rights**.

It is Defendant's position that the aforementioned dispossessory statutes, are unconstitutional and discriminate against a dispossessory defendant litigant, much less a foreclosure dispossessory defendant, versus other civil litigants as defined under and within **Jones v. Union Guano Co.**, 264 U.S. 171 (1924). While the

Georgia Supreme Court in **Zorn v. Walker**, 206 Ga. 181 (2)(1949), has stated that "[T]he due process clause, and Art. I, Sec., Par.IV (Code Ann. Sec. 2-104) of the Constitution of Georgia of 19345, providing that 'No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both,' do not guarantee to the citizens of the State any particular form or method of the State procedure. Its requirements are satisfied if he **has reasonable notice and opportunity to be heard**, and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." (Emphasis added).

The statutory application of the dispossessory statutes versus the general rights of a civil litigant are clearly being violated by the class discrimination being applied under the dispossessory statutes of Georgia and the laws of the State of Georgia, under and pursuant to dispossessory proceedings are not sufficient to protect the civil rights of dispossessory litigants. The Georgia Supreme Court in State of **Georgia v. Sanks**, 225 Ga. 88 (1969) has up held the dispossessory laws and therefore further challenges to the illegality and unconstitutional provisions of the dispossessory laws of the State of Georgia are not subject to further challenge.

It is not the purpose to allude that a dispossessory litigant, who only defense is the inability to pay rent, as a defense should be considered as a sole course of

litigational conduct, but in relationship to those dispossessory litigants who have filed a counterclaims for either statutory violations pursuant to O.C.G.A., §44-7-13 and 14 and O.C.G.A., §13-5-8 or 9, constituting either a partial or total failure of consideration. It is Defendants' position that dispossessory litigants who file counterclaims should constitutionally be provided the equal protection of the laws as other litigants who are allowed discovery in civil actions, to do otherwise, makes the vast majority of dispossessory case the dispossessory cases before the dispossessory courts of the State of Georgia merely a legal abatoir where dispossessory litigants are sacrificed to dispossessory attorneys like sheep being lead to the slaughter. While Defendants have gained sufficient knowledge to properly protect Defendants' due process rights, such is not the same to the thousand upon thousands of dispossessory defendants who are sacrificed each month before the dispossessory courts of the State of Georgia. [2] Even when an appeal is filed, the Georgia judicial system looks at dispossessory cases on the same basis as garbage picker and routinely ignore the fact

---

2. The dispossessory business is a multi-million dollar business in the State of Georgia, milking millions upon millions of dollars out of tenants each month. The usual course is that if a tenant is late, said tenant has to pay a late fee, if the tenant fails to pay the rent and the late fee by a certain date, the landlord institutes a dispossessory case, which then includes filing fees and often times hundreds of dollars in attorney fees. There have been numerous cases where the landlords charge for dispossessory fees even if the dispossessory has not been filed, thereby defrauding ignorant tenants into paying fees neither charged or incurred.

that the lower courts have wilfully violated the governing statutes, laws and common decency which the judicial system is suppose to be founded upon and ensure that honesty is the first thing that must be guarded in the legal system.

Wherefore, Defendants move for the Honorable Court to grant all legal relief to legally stop the legal plunder of foreclosure dispossessory defendants from any legal exercise of their legal and lawful rights under the laws of the State of Georgia and the wilful violation of their civil rights under the laws of the United States, as applicable and pertinent. Defendant also advances subject matter jurisdiction pursuant to diversity of citizenship of both parties as relevant and applicable to the instant federal statutes, etc.

Respectfully submitted,

*Dorwain Bess*
Dorwain Bess
Defendant, In Propria Persona
2204 Victor Court
Loganville, GA 30022

## Certificate of Service

I hereby certify that I have this day served a true and accurate copy of the foregoing pleading upon all relevant parties, by placing a copy of the same into an envelope with sufficient postage to ensure delivery and placing the same into the United States Mail addressed to the Plaintiff's attorney as stated on said dispossessory complaint.

This 8th day of November, 2010.

_____
Dorwain Bess

Defendant
2204 Victor Court
Loganville, GA 30022

## IN THE MAGISTRATE COURT OF ROCKDALE COUNTY
### STATE OF GEORGIA

Case No. 2010-MAG- 6098

PLAINTIFF: Victor Saad / Captin Construction
985 Whitfield Ct
Lawrenceville GA 30043
404-925-0976

(Name & Address – Include Zip Code & Telephone Number)

VS.

DEFENDANT: Durwain Bess
2204 Victor Ct
Loganville GA 30052

(Name & Address – Include Zip Code & Telephone Number)

FILED IN OFFICE
2010 OCT 26 PM 12:28
JOY WRIGHT, CLERK
MAGISTRATE COURT
OF ROCKDALE COUNTY

OCT 27 2010

### AFFIDAVIT FOR SUMMONS OF DISPOSSESSORY

Personally appeared Captin Construction _____, who upon oath says that he/she is owner, or (attorney, agent or lessee) for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in Rockdale County.

Further Tenant:
(a) fails to pay rent which is now past due.
(b) Holds the premises over and beyond the term for which they were rented or leased to him/her or
(c) _____ and that
(d) plaintiff is entitled to recover any and all rent that may come due until this action is finally concluded. Plaintiff desires and has demanded possession of the premises and Defendant has failed and refused to deliver said possession.

**WHEREFORE, Plaintiff DEMANDS:**
(a) possession of the premises; (b) past due rent of $ 5,300 ; (c) rent accruing up to the date of judgment of vacancy at the rate of $ 7,000 per month;
(d) _____

Sworn to and subscribed before me.
This 26 Day of October, 2010

Suzanne Collins
Clerk/Magistrate/Notary

Affiant

### SUMMONS

TO: The Constable of the Magistrate Court or Sheriff or his Deputies of said County.

GREETING:

The Defendant(s) herein is/are commanded and required personally or by attorney to answer orally or in writing, to the Judge or Clerk of Rockdale County Magistrate Court, 945 Court Street, Conyers, Georgia, between the hours of 8:30 a.m. and 4:30 p.m. on or before the SEVENTH day from the date of service of the within affidavit and summons (or on the first business day thereafter IF the seventh day falls on Saturday, Sunday or legal holiday). If the answer is NOT made, a Writ of Possession shall issue instanter and judgment shall be granted as demanded by the Plaintiff named herein.

The last day to answer shall be ___11-04-10___, 2010.

Witness the Presiding Judge of said Court.

This 26 day of October 2010

Clarence R. _____
Clerk/Magistrate

Exhibit A

IN THE MAGISTRATE COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

CAPTAIN CONSTRUCTION,
VICTOR JAAD,

    Plaintiffs,

vs.

DORWAIN BESS,

    Defendant.

CIVIL ACTION FILE
NO. 2010-MAG-6098

## ANSWER TO DISPOSSESSORY COMPLAINT

**COMES NOW DORWAIN BESS**, Defendant, In Propria Persona, and tenders Defendant's Answer to Dispossessory Complaint and shows the Honorable Court as follows:

I. Defendant admits that Defendant is in and under a contractual arrangement with the Plaintiff.

II. Defendant denies Plaintiff's financial claims and demands strict before the trier of fact.

III. **COUNTERCLAIM**

Defendant filed the following counterclaim against the Plaintiff to wit:

A. Financial Counterclaim of

B. Wilful and Deliberate Bad Faith Conduct committed against Defendant.

1

EXHIBIT-B

C. In excess of Two Hundred Thousand ($200,000.00) Dollars caused by the Plaintiff's wilful and deliberate conduct.

D. A jury trial is demanded and transfer to the Superior Court in light of the fact that the Plaintiff and Defendant's legal claims, as advanced are in excess of the financial jurisdiction of the Honorable Court.

Respectfully submitted,

*Dorwain Bess*

Dorwain Bess
Defendant, In Propria Persona
2204 Victor Court
Loganville, GA 30022

## Certificate of Service

I hereby certify that I have served a copy of the foregoing legal pleading upon the Plaintiff by providing a copy of the same to the Clerk of the Magistrate Court who will forward a copy of the same to the Plaintiff in accordance with the rules and procedures by the Magistrate Court of Rockdale County.

*Dorwain Bess*
Dorwain Bess

Defendant, In Propria Persona
2204 Victor Court
Loganville, GA 30022

3